UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

JOHN CHEN,
  a/k/a "Chen Jun," and
LIN FENG,

Defendants.

---

**INDICTMENT**

23 Cr.

## COUNT ONE
### (Conspiracy to Act as an Agent of a Foreign Government Without Notifying the Attorney General and to Bribe a Public Official)

The Grand Jury charges:

1. From at least in or about January 2023, up to and including in or about May 2023, in the Southern District of New York, the People's Republic of China ("PRC"), and elsewhere, JOHN CHEN, a/k/a "Chen Jun," and LIN FENG, the defendants, and others known and unknown, knowingly combined, conspired, confederated, and agreed together and with each other to commit offenses against the United States, to wit, (1) acting as agents of a foreign government without prior notification to the Attorney General, in violation of Title 18, United States Code, Section 951; and (2) bribery of a public official, in violation of Title 18, United States Code, Section 201(b)(1).

2. It was a part and an object of the conspiracy that JOHN CHEN, a/k/a "Chen Jun," and LIN FENG, the defendants, and others known and unknown, knowingly would and did act in the United States as agents of a foreign government and a foreign official, to wit, the PRC Government and an official of the PRC Government ("PRC Official-1"), without prior notification

to the Attorney General, as required by law, in violation of Title 18, United States Code, Section 951.

3.   It was further a part and an object of the conspiracy that JOHN CHEN, a/k/a "Chen Jun," and LIN FENG, the defendants, and others known and unknown, directly and indirectly, corruptly gave, offered, and promised something of value to a public official, with intent to influence an official act, and to influence a public official to commit and aid in committing and to collude in, and allow, and to make opportunity for the commission of a fraud on the United States, and to induce a public official to do an act and omit to do an act in violation of his official duty, to wit, CHEN and FENG paid $5,000 in cash bribes, and promised to pay substantially more, on behalf of the PRC Government, to a purported Internal Revenue Service ("IRS") agent who was in fact an undercover officer ("Agent-1"), in exchange for Agent-1's assistance in processing and advancing a defective whistleblower complaint that CHEN had filed with the IRS (the "CHEN Whistleblower Complaint") as part of a PRC Government-directed scheme to revoke the tax-exempt status of a 501(c)(3) organization ("Entity-1") run by Falun Gong practitioners (the "Bribery Scheme").

Overt Acts

4.   In furtherance of the conspiracy and to effect the illegal objects thereof, JOHN CHEN, a/k/a "Chen Jun," and LIN FENG, the defendants, and their co-conspirators, including PRC Official-1, committed the following overt acts, among others, in the Southern District of New York, the PRC, and elsewhere:

   a.   On or about January 21, 2023, during a recorded call with a particular individual ("Individual-1"), CHEN discussed planning to bribe an IRS official to investigate the Falun Gong with the ultimate goal of achieving the PRC Government's aim to "topple" the Falun

Gong, and stated that "leadership" – referring to PRC Government officials – would be "very generous" in funding the illicit payments.[1]

    b.  In or about early February 2023, CHEN sent the CHEN Whistleblower Complaint to the IRS.

    c.  On or about March 20, 2023, during a recorded call, PRC Official-1 – a PRC Government official managing and directing CHEN and FENG's participation in the PRC Government's Bribery Scheme targeting the Falun Gong – discussed the CHEN Whistleblower Complaint with Individual-1 and conveyed that he (PRC Official-1) wanted CHEN to meet with Agent-1 regarding the CHEN Whistleblower Complaint.

    d.  Approximately five days later, on or about March 25, 2023, CHEN contacted Agent-1 by email, and subsequently set up a meeting with Agent-1 for May 15, 2023.

    e.  On or about May 8, 2023, CHEN entered the United States from the PRC, carrying approximately $10,400 in cash, and was picked up at the airport by FENG.

    f.  On or about May 12, 2023, on a call intercepted pursuant to a judicially authorized Title III wiretap, CHEN and FENG discussed that, while CHEN was in the United States, CHEN and FENG would receive "direction" from PRC Official-1 on carrying out the Bribery Scheme through a PRC-based encrypted messaging application ("Application-1"); that they would "delete" instructions received from PRC Official-1; and that they would "alert" and "sound the alarm" to PRC Official-1 if the planned meeting with Agent-1 did not go as anticipated.

    g.  On or about May 14, 2023, CHEN and FENG met with Agent-1 in or around Newburgh, New York, during which meeting CHEN gave a $1,000 cash bribe to Agent-1 as an

---

[1] Unless otherwise noted, all communications quoted and described in this Indictment are based on draft translations and summaries of communications that occurred in Mandarin. All communications quoted and described are set forth in substance and in part.

3

initial, partial payment to Agent-1, and CHEN offered, in furtherance of the Bribery Scheme, to pay Agent-1 a total of $50,000 for Agent-1 to open an audit on Entity-1, as well as 60% of any whistleblower award from the IRS if the CHEN Whistleblower Complaint was successful.

      h.    On or about May 16, 2023, during an intercepted call between CHEN and FENG, CHEN stated, in the course of discussing the Bribery Scheme targeting the Falun Gong, that PRC Official-1 is "the one that is always in charge of these matters."

      i.    Also on or about May 16, 2023, during a recorded call with Agent-1, CHEN reiterated that he was carrying out the Bribery Scheme with FENG on behalf of the PRC Government, and stated that his associates in the PRC Government "are like blood brothers. We started this fight against [the founder of Falun Gong] twenty, thirty years ago. They are always with us."

      j.    On or about May 18, 2023, FENG paid Agent-1 a $4,000 cash bribe at John F. Kennedy International Airport as an additional partial payment to Agent-1 in furtherance of the Bribery Scheme.

      k.    Also on or about May 18, 2023, during a recorded call, CHEN told Agent-1 that he (CHEN) would return to the PRC and gather more funding for the Bribery Scheme, and that FENG would thereafter hand deliver two $25,000 payments to Agent-1 in New York to execute the Bribery Scheme.

(Title 18, United States Code, Section 371.)

**COUNT TWO**
**(Acting as an Agent of a Foreign Government Without Notifying the Attorney General)**

The Grand Jury further charges:

5.    From at least in or about January 2023, up to and including in or about May 2023, in the Southern District of New York and elsewhere, JOHN CHEN, a/k/a "Chen Jun," and LIN

4

FENG, the defendants, knowingly acted in the United States as agents of a foreign government and a foreign official, to wit, the PRC Government and PRC Official-1, without prior notification to the Attorney General, as required by law.

(Title 18, United States Code, Sections 951 and 2.)

## COUNT THREE
### (Bribing a Public Official)

The Grand Jury further charges:

6. In or about May 2023, in the Southern District of New York and elsewhere, JOHN CHEN, a/k/a "Chen Jun," and LIN FENG, the defendants, did, directly and indirectly, corruptly give, offer, and promise a thing of value to a public official, with intent to influence an official act, and to influence a public official to commit and aid in committing and to collude in, and allow, and to make opportunity for the commission of a fraud on the United States, and to induce a public official to do an act and omit to do an act in violation of his official duty, to wit, CHEN and FENG made a total of $5,000 worth of cash payments to Agent-1, and corruptly offered Agent-1 at least $50,000 in additional payments, in furtherance of the Bribery Scheme.

(Title 18, United States Code, Sections 201(b)(1) and 2.)

## COUNT FOUR
### (Conspiracy to Commit International Money Laundering)

The Grand Jury further charges:

7. In or about May 2023, in the Southern District of New York, the PRC, and elsewhere, JOHN CHEN, a/k/a "Chen Jun," and LIN FENG, the defendants, and others known and unknown, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

5

8. It was a part and an object of the conspiracy that JOHN CHEN, a/k/a "Chen Jun," and LIN FENG, the defendants, and others known and unknown, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, bribery of a public official, as charged in Count Three of this Indictment, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATIONS

9. As a result of committing the bribery offense alleged in Count Three of this Indictment, JOHN CHEN, a/k/a "Chen Jun," and LIN FENG, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2641, all property, real and personal, which constitutes or is derived from proceeds traceable to said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

10. As a result of committing the money laundering offense alleged in Count Four of this Indictment, JOHN CHEN, a/k/a "Chen Jun," and LIN FENG, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, and any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

### Substitute Assets Provision

11. If any of the above described forfeitable property, as a result of any act or omission of the defendants:

a) cannot be located upon the exercise of due diligence;

b) has been transferred or sold to, or deposited with, a third person;

c) has been placed beyond the jurisdiction of the Court;

d) has been substantially diminished in value; or

e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney

INDICTMENT FILED 6/9/2023
SARAH NETBURN, U.S.M.J.
WHEELED OUT IN
WHITE PLAINS, NY