MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
UNITED STATES OF AMERICA            :     **STIPULATED**
:     **PROTECTIVE ORDER**
- v. -                              :
:     23 Cr. 286 (NSR)
JOHN CHEN                           :
  a/k/a "Chen Jun," and             :
LIN FENG,                           :
:
Defendants.                :
:
------------------------------------------------------------x

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/11/2023

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case may raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Sealed Material.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

5. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any

Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media. As used in this Order, "the defense" means counsel of record; attorneys employed at the same firm as counsel of record and who are assisting in the defense of this matter; paralegals, investigators, translators, litigation support personnel, or secretarial staff assisting counsel of record; and the defendants.

      6. Disclosure Material shall not be provided to any foreign persons or entities (except if such persons or entities are members of the defense teams) and may not be transmitted outside of the United States for any purpose;

      7. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

          a. The defendant;

          b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

          c. Prospective witnesses for purposes of defending this action.

      8. APO Material received by defense counsel shall be maintained in a safe and secure manner solely by defense counsel; shall not be possessed by the defendant, except in the presence of the defendant's counsel; and shall not be disclosed in any form by the defendant or his counsel except as set forth herein.

      9. AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material

with any other persons, including the defendant, except for any personnel for whose conduct defense counsel is responsible.

10. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions referencing sealing of certain Disclosure Material.

11. The Government's designation of material will be controlling absent contrary order of the Court. Defense counsel may seek authorization of the Court, with notice to the Government, to provide certain specified discovery materials to persons whose access to discovery materials is otherwise prohibited by this Order, if it is determined by the Court that such access is necessary for the purpose of preparing the defense of the case. An application to the Court under this paragraph may be made *ex parte* upon sufficient showing to the Court and finding by the Court, with notice to the Government that an *ex parte* application has been made under this paragraph. The Government may also authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

12. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

13. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI when the case becomes final, as defined for purposes of bringing an action under 28 U.S.C. § 2255, subject to defense counsel's obligation to retain client files under the Rules of

Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

14. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____  Date: September 10, 2023
Michael D. Lockard / Qais Ghafary /
Kate Wheelock
Assistant United States Attorneys

_____  Date: 9/6/23
Jesse Ruiz, Esq. / Julie Rendelman, Esq.
Counsel for John Chen

_____  Date: September 1, 2023
Bejamin Gold, Esq.
Federal Defenders of New York Inc.
Counsel for Lin Feng

SO ORDERED:

Dated: White Plains, New York
       September 11, 2023

_____
NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

5